IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DALE R. ARNOLD,** : | |
|     Petitioner : | |
| : | No. 1:22-cv-01944 |
| v. : | |
| : | (Judge Kane) |
| **WARDEN OF SCI-BENNER** : | |
| **TOWNSHIP, et al.,** : | |
|     Respondents : | |

# MEMORANDUM

Petitioner Dale R. Arnold ("Petitioner"), a state prisoner in the custody of the Pennsylvania Department of Corrections, is currently incarcerated at State Correctional Institution Benner Township in Bellefonte, Pennsylvania. He has petitioned the Court for a writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254 ("Section 2254"). (Doc. No. 1.) He challenges his state court convictions and sentence, which were imposed by the Court of Common Pleas of Bradford County, Pennsylvania in 1981 and 1982, respectively. (Id.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has given his petition preliminary consideration. For the reasons set forth below, his petition will be dismissed as untimely.

## I.   BACKGROUND

On November 1, 2022,[1] Petitioner commenced the above-captioned action by filing a petition for a writ of habeas corpus pursuant to Section 2254. (Doc. Nos. 1, 1-1.) In an administrative Order issued that same day, the Court directed Petitioner to either pay the

---

[1] The petition is dated November 1, 2022. (Doc. No. 1-1 at 2.) Although the Court did not receive the petition until December 8, 2022, the petition is deemed filed on November 1, 2022, pursuant to the prisoner mailbox rule. See, e.g., Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011) (explaining that "[t]he federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing" (citation omitted)).

requisite $5.00 filing fee or complete and submit a motion for leave to proceed in forma pauperis within thirty (30) days. (Doc. No. 3.)

On December 14, 2022, the Court received Petitioner's $5.00 filing fee. (Doc. No. 4.) Thereafter, on January 24, 2023, the Court conducted a preliminary review of the petition and observed that it may be barred by the applicable state of limitations. (Doc. No. 6.) As a result, the Court directed Petitioner to show cause why his petition should not be dismissed as untimely. (Id.) Petitioner was given twenty-one (21) days in which to show such cause. (Id.) On February 2, 2023, Petitioner filed a response to the Court's Order. (Doc. No. 7.) Thus, this matter is ripe for the Court's resolution.

## II.     LEGAL STANDARD

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254. Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See 28 U.S.C. § 2254 Rule 4.

Pursuant to the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, petitions for writs of habeas corpus filed pursuant to Section 2254 are subject to a one-year statute of limitations, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2244(d)(1).

This limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court. See id. § 2244(d)(2) (providing that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). This limitations period may also be tolled under the equitable tolling doctrine or the actual innocence exception, both of which must be established by the petitioner. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (regarding equitable tolling); McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (regarding actual innocence).

### III.    DISCUSSION

As stated above, Petitioner has petitioned the Court pursuant to Section 2254, challenging his state court convictions and sentence. (Doc. Nos. 1, 1-1.) In support, he cites to the docket number of his criminal case arising out of the Court of Common Pleas of Bradford County, Pennsylvania and, specifically, CP-08-CR-0001026-1980. (Doc. No. 1 at 1, ¶ 1(b).) The Court takes judicial notice of the state court's docket sheet in Petitioner's criminal case, which is available through the Unified Judicial System of Pennsylvania Web Portal at the following website: https://ujsportal.pacourts.us/CaseSearch. See Commonwealth v. Arnold, No. CP-08-CR-0001026-1980 (Bradford Cnty. Ct. Com. Pl. filed Feb. 9, 1990).

That docket sheet reflects that, on May 26, 1982, following a jury trial, Petitioner was convicted of first degree murder, theft, and kidnapping. See id.; see also (Doc. No. 1 at 1, ¶ 5).

3

The trial court sentenced Petitioner to life imprisonment on May 26, 1982 (id. at 1, ¶ 3), and the Pennsylvania Superior Court affirmed on June 29, 1984. See Commonwealth v. Arnold, 480 A.2d 1066 (Pa. Super. 1984). Petitioner does not allege, and there is no indication in the present record or state court docket sheet, that Petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court or a petition for a writ of certiorari with the United States Supreme Court. See (Doc. Nos. 1, 1-1); Commonwealth v. Arnold, No. CP-08-CR-0001026-1980 (Bradford Cnty. Ct. Com. Pl. filed Feb. 9, 1990). Thus because Petitioner does not appear to have done so, his judgment became final on July 30, 1984, the last day of the thirty (30)-day period in which he had for seeking review from the Pennsylvania Supreme Court.[2] See PA. R.A.P. 1113(a) (providing that a petition for allowance of appeal to the Pennsylvania Supreme Court shall be filed within thirty (30) days after the entry of the Pennsylvania Superior Court's order); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (explaining that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review (citation omitted)).

Accordingly, since Petitioner's judgment became final on July 30, 1984, prior to AEDPA's enactment, Petitioner had one year from April 24, 1996 (AEDPA's effective date), in which to file a federal habeas petition with this Court. His petition, in other words, would have been due by April 23, 1997. See Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004) (concluding that the Section 2254 petitioner's conviction became final before AEDPA came into effect on

---

[2] Technically, Petitioner's thirty (30)-day period for filing a direct appeal ended on Sunday, July 29, 1984. Because, however, Saturdays and Sundays are excluded from the calculation of that period, Petitioner's thirty (30)-day period ended the following Monday (i.e., Monday, July 30, 1984). See 1 Pa. C.S. § 1908 (explaining that, "[w]henever the last day of any [computation of time] period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation").

4

April 24, 1996, and thus, his one-year period for filing a habeas petition began running on that date (citing Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998)); Edwards v. Palakovich, No. 06-cv-01785, 2007 WL 2071885, at *3 (M.D. Pa. July 19, 2007) (observing that, when a prisoner's conviction became final before the passage of AEDPA, the limitations period ran until April 23, 1997, "a year after the act's passage" and, thus, concluding that the petitioner "had until April 23, 1997, to file his [Section] 2254 petition . . . ").

Here, however, Petitioner's Section 2254 petition was not filed with this Court until November 1, 2022, more than twenty-five (25) years past the one-year limitations period. Consequently, his petition is untimely. But the Court's analysis does not end there, as the Court must next determine whether Petitioner is entitled to any statutory or equitable tolling, or relief under the actual innocence exception.

With respect to statutory tolling, the Court observes that under Section 2244(d)(2), the one-year limitations period is tolled with respect to "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending[.]" 28 U.S.C. § 2244(d)(2). Based upon the state court docket sheet in Petitioner's criminal case, it appears that he filed his first post-conviction petition on February 7, 1990. See Commonwealth v. Arnold, No. CP-08-CR-0001026-1980 (Bradford Cnty. Ct. Com. Pl. filed Feb. 9, 1990). Although the state court docket sheet is unclear as to the specific procedural history of that petition, including the dismissal, amendments, and appeals thereof, it appears that the latest year by which the petition was denied and/or affirmed on appeal was 1999. See id. It further appears that the next activity on the state court's docket sheet did not occur until nearly five (5) years later on June 15, 2005. See id. Accordingly, even if Petitioner's post-conviction petition tolled any amount of time during the one-year limitations period, that period fully expired, at the latest, by 2000, when

no activity occurred on the state court docket sheet between 1999 and 2005.[3] As a result, the Court concludes that statutory tolling does not save Petitioner's Section 2254 petition from being untimely.[4]

In addition, the Court finds that the one-year limitations period is not subject to equitable tolling. "Equitable tolling is available 'only when the principle of equity would make the rigid application of a limitation period unfair.'" Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006) (quoting Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003)). For that reason, "[a] petitioner seeking equitable tolling bears the burden to show that he diligently pursued his rights and that some 'extraordinary circumstance stood in his way.'" See id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling may be appropriate if: "(1) the [respondent] has actively misled the plaintiff; (2) if the [petitioner] has in some extraordinary way been prevented from asserting his rights; or (3) if the [petitioner] has timely asserted his rights mistakenly in the wrong forum." See id. (quoting Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)).

---

[3] The Court surmises that the reason for this lack of activity on the state court docket sheet between 1999 and 2005 is due to the fact that Petitioner filed a previous Section 2254 petition in this Court on April 28, 2000, which was litigated up until October of 2003. See Arnold v. Frank, No. 1:00-cv-00775, (M.D. Pa. filed Apr. 28, 2000).

[4] Notably, Petitioner argues that "the last court that gave an Order was Supreme Court of Pennsylvania, Prothonotary on October 27, 2022" (Doc. No. 7 at 1), and that, therefore, his Section 2254 petition filed on November 1, 2022 is timely. (Doc. No. 7-1 at 2 (containing correspondence from the Supreme Court of Pennsylvania's Office of the Prothonotary, wherein it is explained to Petitioner that his petition for allowance of appeal was denied on July 26, 2022, that his application for reconsideration was denied on October 13, 2022, that the denial of his application for reconsideration ended his case, and that his case remains closed with the Supreme Court of Pennsylvania).) For the reasons discussed above, however, Petitioner's one-year limitations period expired many years ago and, thus, any recent activity with the Pennsylvania courts does not provide a basis for statutory tolling here.

Here, the Court observes that Petitioner has not presented any circumstances that warrant equitable tolling.  At most, he has argued various constitutional violations in connection with his underlying arrest, conviction, and sentence.  (Doc. Nos. 1, 1-1, 7.)  These asserted constitutional violations, however, do not demonstrate that Petitioner diligently pursued his rights or that some extraordinary circumstance stood in his way from filing his federal habeas petition in a timely manner.  Moreover, "[m]ere excusable neglect is not sufficient."  See Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 619 (3d Cir. 1998) (citations omitted).  As a result, the Court concludes that equitable tolling does not save Petitioner's Section 2254 petition from being untimely.

Finally, the Court considers whether the actual innocence exception allows Petitioner to overcome the time-bar to his Section 2254 petition.  The Court begins with the basic legal tenet that the actual innocence exception "applies to a severely defined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"  See McQuiggin, 569 U.S. at 394–95 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).  Thus, relief under this exception is exceedingly rare, see id. at 386, and the standard for establishing actual innocence is an exacting one.  See id. at 401.  The standard demands "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  See Schlup, 513 U.S. at 324.  Accordingly, a habeas corpus petitioner, such as Petitioner, has not met this standard "'unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  See McQuiggin, 569 U.S. at 386 (quoting Schulp, 513 U.S. at 329).

"Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schulp, 513 U.S. at 324; Sistrunk v. Rozum, 674 F.3d 181, 192 (3d Cir. 2012) (explaining that "Schlup sets a supremely high bar"). Thus, "[p]roving actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." See id. at 191 (citations omitted). All three (3) of these factors are necessary for a habeas corpus petitioner to be entitled to relief under the actual innocence exception. See id. And, if ultimately proven, this exception "serves as a gateway through which a petitioner may pass" even though the statute of limitations has expired. See McQuiggen, 569 U.S. at 386.

Accordingly, in order for Petitioner to have demonstrated that he was entitled to pass through this gateway exception based upon his actual innocence, he was required to establish as a factual matter that, in light of new reliable evidence, no juror acting reasonably would have found him guilty of the crimes for which he was convicted. The Court, having carefully reviewed this matter, ultimately finds that Petitioner has not made this threshold showing.

Throughout Petitioner's petition (Doc. Nos. 1, 1-1) and response to the Court's show cause Order (Doc. No. 7), he repeatedly emphasizes that he is actually innocent of the crimes for which he was convicted based upon an alibi defense and various character witnesses. However, Petitioner's asserted alibi defense and character witness evidence appears to have been available to him at the time of his trial and, thus, is not considered "new evidence[,]" as is required to prove actual innocence. See, e.g., (Doc. No. 1-1 at 55 (explaining that Petitioner had presented "an alibi defense [at his] jury trial . . . "); id. at 39 (stating that Edward Bloomer, a character witness, testified at Petitioner's jury trial that Petitioner "did-not [sic] kill the drug dealing victim

. . . " (emphasis omitted)); id. at 40 (stating that Thomas Fairchild and Sam Strangey, character witnesses, knew Petitioner and his family, either personally for years or generally through the community); id. at 41 (alleging that "Bradford County's main homicide witness, Nurse Jane Moran" would testify that Petitioner "did-not [sic] kill the victim" and that she would also testify that "she was always high on illegal drugs . . . and alcohol[,]" "lied all the time, gave false statements, perjured statements, recanted statements . . . "); id. at 43 (referencing unidentified Pennsylvania State Police officers and an expert witness who allegedly testified at his preliminary hearing in late 1980-1981 that "there was no evidence of the Petitioner at the May 1979 homicide crime scene")).

However, even if Petitioner's alibi defense and character witness constitutes "new evidence[,]" the Court is not persuaded that this "new evidence" is so probative of Petitioner's actual innocence that no reasonable juror could have found him guilty. See McQuiggin, 569 U.S. at 386 (stating that the actual innocence standard is not met unless the petitioner "'persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt'") (quoting Schlup, 513 U.S. at 329)). Indeed, a reasonable juror could consider Petitioner's allegations, in addition to the other evidence in the case, and nonetheless convict him.[5] See Schlup, 513 U.S. at 324 (explaining that "experience has taught us that a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare" and that, in order "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable

---

[5] See, e.g., Arnold v. Frank, No. 1:00-cv-00775, (M.D. Pa. Apr. 28, 2000), ECF No. 43 at 32 (containing the Magistrate Judge's Report and Recommendation, which was fully adopted by this Court, wherein the Magistrate Judge concluded that there was "evidence of the [Petitioner's] guilt, including his link to the murder weapon and the fact that the police found [the victim's] wallet insert in the [P]etitioner's home . . . ").)

evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial"); McQuiggen, 569 U.S. at 401 (observing that "[t]he gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error" (citation and internal quotation marks omitted)).

Thus, for all of these reasons, the Court concludes that Petitioner's Section 2254 petition is untimely, and further concludes that Petitioner is neither entitled to statutory or equitable tolling nor relief under the actual innocence exception. As a result, the Court will dismiss his Section 2254 petition and direct the Clerk of Court to close this case.

## IV. CONCLUSION

Pursuant to Rule 4 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254, the Court will dismiss the instant habeas corpus petition as untimely. In addition, the Court will not issue a certificate of appealability because jurists of reason would not debate this procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (stating that when a habeas corpus petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"). An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania