IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE R. ARNOLD,<br>    Petitioner<br><br>    v.<br><br>WARDEN OF SCI-BENNER<br>TOWNSHIP, et al.,<br>    Respondents | No. 1:22-cv-01944<br><br>(Judge Kane) |

**MEMORANDUM**

Before the Court is Petitioner Dale R. Arnold ("Petitioner")'s motion for reconsideration of the Court's July 20, 2023 Memorandum and Order dismissing his petition for a writ of habeas corpus. (Doc. No. 10.) For the reasons set forth below, the motion will be denied.

**I.   BACKGROUND**

Petitioner Dale R. Arnold ("Petitioner") is a state prisoner in the custody of the Pennsylvania Department of Corrections. He is currently incarcerated at State Correctional Institution Benner Township ("SCI Benner") in Bellefonte, Pennsylvania. On November 1, 2022,[1] while he was incarcerated at SCI Benner, he commenced the above-captioned action by filing a petition for a writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254 ("Section 2254"). (Doc. No. 1.) In his petition, he challenges his state court convictions and sentence, which were imposed by the Court of Common Pleas of Bradford County, Pennsylvania in 1981 and 1982, respectively. (Id.)

---

[1] The petition is dated November 1, 2022. (Doc. No. 1-1 at 2.) Although the Court did not receive the petition until December 8, 2022, the petition is deemed filed on November 1, 2022, pursuant to the prisoner mailbox rule. See, e.g., Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011) (explaining that "[t]he federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing" (citation omitted)).

After receiving Petitioner's filing fee (Doc. No. 4), the Court conducted a preliminary review of his Section 2254 petition and observed that it may be barred by the applicable statute of limitations (Doc. No. 6).  As a result, the Court issued an Order on January 24, 2023, directing Petitioner to show cause, within twenty-one (21) days, as to why his petition should not be dismissed as untimely.  (Id.)  In accordance with the Court's Order, Petitioner filed a response, asserting various arguments in an attempt to show such cause.  (Doc. No. 7.)

In conjunction with that response, the Court conducted a review of Petitioner's Section 2254 petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  On July 20, 2023, the Court issued a Memorandum and Order concluding that the petition was untimely filed and that Petitioner was not entitled to any statutory or equitable tolling, or relief under the actual innocence exception.  (Doc. Nos. 8, 9.)  As a result, the Court dismissed the petition, denied issuing a certificate of appealability, and directed the Clerk of Court to close this case.  (Id.)

Twenty-eight (28) days later, on August 17, 2023, Petitioner filed a document titled, "Amended Brief, Case Law, on Motion for Reconsideration."  (Doc. No. 10.)  Although it is not clear whether Petitioner intended this document to be filed as a motion or a brief, the Court construes this document as a motion for reconsideration.  And, in doing so, the Court observes that Petitioner did not file a brief in support of his motion, and the time period for him to do so has passed.  The Court would, therefore, be authorized to deem his motion withdrawn pursuant to Local Rule 7.5 of the Court's Local Rules.[2]

---

[2]  That Rule provides as follows:

> Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. If the motion seeks a protective order, a supporting brief shall be filed with the motion. If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be

However, the Court also observes that Petitioner's motion for reconsideration is eleven (11) pages long. (Id.) In addition, Petitioner has since filed two (2) letters on the Court's docket, both of which appear to have been filed in further support of his motion for reconsideration. (Doc. Nos. 11, 12.) Thus, rather than deeming his motion withdrawn, the Court will address the merits.

## II.   LEGAL STANDARD

Generally speaking, a party may file a motion for reconsideration under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. See United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003).[3] "Although motions for reconsideration under [Rules] 59(e) and 60(b) serve similar functions, each has a particular purpose." Fiorelli, 337 F.3d at 288; United States v. Jackson, 802 F. App'x 50, 54 n.3 (3d Cir. 2020) (unpublished) (observing this principle set forth in Fiorelli). As explained by the United States Court of Appeals for the Third Circuit, "the function of the motion, and not the caption, dictates which Rule is applicable." See Fiorelli, 337 F.3d at 287–88 (citations omitted).

---

withdrawn. A brief shall not be required: (a) In support of a motion for enlargement of time if the reasons for the request are fully stated in the motion, (b) In support of any motion which has concurrence of all parties, and the reasons for the motion and the relief sought are fully stated therein, or (c) In support of a motion for appointment of counsel.

See M.D. Pa. L.R. 7.5.

[3] Notably, the term "reconsideration" does not appear in Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. However, courts have routinely treated motions filed under these Rules as motions seeking "reconsideration." See, e.g., Wiest v. Lynch, 710 F.3d 121, 127 (3d Cir. 2013) (citing Auto Servs. Co. v. KPMG, LLP, 537 F.3d 853, 855 (8th Cir. 2008) for the following proposition: "[a] 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed as either a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment").

A Rule 59(e) motion must be filed within twenty-eight (28) days after the entry of judgment. See Fed. R. Civ. P. 59(e). "[A] timely Rule 59(e) motion suspends the finality of the judgment by tolling the time for appeal." Blystone v. Horn, 664 F.3d 397, 414 (3d Cir. 2011) (citation and emphasis omitted). In doing so, Rule 59(e) recognizes "the inherent power that [a district court] has to rectify its own mistakes prior to the entry of judgment for a brief period of time immediately after judgment is entered." See id. (citation omitted). A Rule 59(e) motion, which is extremely limited, must rely on at least one of the following three (3) grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)); In re Energy Future Holdings Corp., 904 F.3d 298, 311 (3d Cir. 2018); Wiest, 710 F.3d at 128.

Similar to a Rule 59(e) motion, a Rule 60(b) motion is extremely limited and must rely on at least one of the following six (6) grounds for reconsideration: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) the satisfaction, release or discharge of a judgment or inequity in the prospective application of the judgment; or (6) any other reason justifying relief from operation of the judgment. See Fed. R. Civ. P. 60(b); Fiorelli, 337 F.3d at 288. Additionally, a Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), a Rule 60(b) motion must be filed no more than one year after entry of judgment or order. See Fed. R. Civ. P. 60(c)(1).

**III.    DISCUSSION**

Petitioner's motion for reconsideration does not explicitly refer to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. However, because Petitioner's motion is timely under Rule 59(e), see Fed. R. Civ. P. 59(e) and Lizardo v. United States, 619 F.3d 273, 279–80 (3d Cir. 2010), the Court finds that it is appropriate to construe his motion for reconsideration as one filed under that Rule.

As set forth above, a Rule 59(e) motion must rely on at least one of the following three (3) grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." See Lazaridis, 591 F.3d at 669 (citing N. River Ins. Co., 52 F.3d at 1218). And, here, Petitioner repeatedly asserts that he has newly discovered facts. (Doc. No. 10 at 1, 2, 3, 8.) Thus, Petitioner appears to base his motion for reconsideration on "the availability of new evidence[.]" See Lazaridis, 591 F.3d at 669 (citing N. River Ins. Co., 52 F.3d at 1218).

However, Petitioner has not filed any evidence in support of his motion for reconsideration and has not described the newly discovered facts that he wishes the Court to consider. At most, he alleges that he became aware of the newly discovered facts in the year 2019 and/or the year 2020 after speaking with a jailhouse lawyer at SCI Benner. (Id. at 1, 2; Doc. Nos. 11 at 1; 12 at 1.) In support of this broad allegation, Petitioner cites to various cases— almost in bullet-point fashion—concerning the ineffective assistance of counsel. (Doc. No. 10 at 1–8.) From what the Court can discern, Petitioner asserts that "counsel" failed to tell him about his "appeal rights" and that he raised the newly discovered facts as soon as he became aware of them. (Id.)

Even assuming <u>arguendo</u> that Petitioner discovered new facts in 2019 and/or 2020, he filed his Section 2254 petition on November 1, 2022 (Doc. No. 1-1 at 2), roughly two (2) or three (3) years after becoming aware of the newly discovered facts. As such, the Court finds that his newly discovered facts do not constitute "new evidence" that was previously unavailable to him at the time he filed his Section 2254 petition or at the time the Court dismissed his Section 2254 petition. <u>See</u> <u>Blystone</u>, 664 F.3d at 415–16 (stating "that 'new evidence,' for reconsideration purposes, does not refer to evidence that a party . . . submits to the court after an adverse ruling[, but instead,] new evidence . . . means evidence that a party could not earlier submit to the court because that evidence was not previously available" (citation and some internal quotation marks omitted)); <u>Howard Hess Dental Labs. Inc. v. Dentsply Intern., Inc.</u>, 602 F.3d 237, 252 (3d Cir. 2010) (stating the same).

Accordingly, the Court concludes that Petitioner's newly discovered facts cannot provide the basis for a successful motion for reconsideration. Petitioner's motion will, therefore, be denied. <u>See</u> <u>Blystone</u>, 664 F.3d at 416 (concluding that the district court did not abuse its discretion in denying the Section 2254 petitioner's Rule 59(e) motion because the evidence submitted in support thereof "was not in fact newly discovered, since [the petitioner] had possession of it many months before the [d]istrict [c]ourt denied habeas relief"); <u>see also</u> <u>In re Energy Future Holdings Corp.</u>, 904 F.3d 298, 316 (3d Cir. 2018) (stating that "[r]econsideration remains a form of relief generally reserved for 'extraordinary circumstances'" (citations and internal quotation marks omitted)).[4]

---

[4] To the extent that Petitioner broadly asserts "Actual Innocence" (Doc. No. 10 at 1) or attempts to argue statutory tolling of the applicable statute of limitations (<u>id.</u> at 1–3), the Court notes that it addressed, at length, Petitioner's claims of actual innocence and statutory tolling in its July 20, 2023 Memorandum and Order (Doc. No. 8 at 7–10). Petitioner has set forth neither specific factual allegations nor evidence that would require the Court to depart from its previous ruling.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's motion for reconsideration of the Court's July 20, 2023 Memorandum and Order dismissing his petition for a writ of habeas corpus.  (Doc. No. 10.)  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
